Case: 1:23-cv-00282-MRB Doc #: 3 Filed: 05/12/23 Page: 1 of 10 PAGEID #: 52

COURT OF COMMON PLEAS
CASE NUMBER: 2023 CV 02132 Docket ID: 944550598
Mike Foley
CLERK OF COURTS MONTGOMERY COUNTY OHIO
Thursday, April 27, 2023 3:34:45 PM

COURT OF COMMON PLEAS
CIVIL DIVISION
MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| THE ESTATE OF CONNIE J. PAYNE, BY AND THROUGH ITS EXECUTOR, KIMBERLY R. POTTER<br>2629 CLIFTY FALLS ROAD<br>DAYTON, OHIO 45449<br><br>Plaintiff,<br><br>-vs.-<br><br>AUTO-OWNERS INSURANCE COMPANY<br>c/o JEFFREY TAGSOLD CHAIRMAN/CEO<br>6101 ANACAPRI BOULEVARD<br>LANSING, MICHIGAN 48917<br><br>Defendant. | Case No: _____<br><br><br><br>**COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREON** |

NOW COMES Plaintiff, The Estate of Connie J. Payne, by and through its **Executor, Kimberly R. Potter**, by and through undersigned counsel, and states its Complaint against the named Defendant, as follows:

### I. The Parties

**1.** Plaintiff, The Estate of Connie J. Payne, by and through its Executor, Kimberly R. Potter ["Plaintiff"], brings this action by and through its Executor, Kimberly R. Potter, who was appointed Executor of the Estate on January 06, 2023, by **Entry Appointing Fiduciary – Letters of Authority**, entered by Probate Judge, David D. Brannon, in Montgomery County Probate Case No.: **2022EST02692**. Plaintiff's decedent, Connie J. Payne, passed away on December 03, 2022.



Page 1 of 10

2. This case involves two distinct property damage losses sustained at two different real estate parcels, owned by the Plaintiff's decedent, Connie J. Payne, either individually or as a trustee.

3. The first loss occurred on or about **August 21, 2022**, at a rental property, located at **3650 Elmira Drive, in Dayton, Montgomery County, Ohio 45439**, a single-family dwelling, in which a wind/hail storm damaged the roof, hereinafter referred to as the **"Elmira Drive Loss."** The Plaintiff's claim arises from the negligent and/or willful failure of the Defendant, Auto-Owners Insurance Company ["Auto-Owners"], to fully and adequately indemnify the Plaintiff for the Elmira Drive Loss.

4. The second loss occurred on or about **January 19, 2023**, at the property which was the Plaintiff's decedent's residence, located at **6732 Vienna Woods Trail, in Dayton, Montgomery County, Ohio 45459**, a single-family dwelling, in which a wind/hail storm damaged the roof, hereinafter referred to as the **"Vienna Woods Trail Loss."** The Plaintiff's claim arises from the negligent and/or willful failure of the Defendant to fully and adequately indemnify the Plaintiff for the Vienna Woods Trail Loss.

5. Defendant is a Michigan-based insurance company, which had issued homeowner's insurance policies for coverage for each of the two parcels, subject of this litigation, which were, in full force and effect, at the time of the respective property losses. Defendant conducts substantial business within Montgomery County, Ohio.

## II. Jurisdiction and Venue

6. Jurisdiction is properly invoked in the Montgomery County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance policy contract, and for bad

faith, arising from a covered loss and for remediation and restoration services, in which the subject properties are located in Montgomery County, Ohio.

7. Venue is proper in Montgomery County, Ohio, as the subject properties are in Montgomery County, the material events of the subject property losses occurred in Montgomery County and the Defendant conducts substantial business within Montgomery County, Ohio.

### III. Statement of Facts

**A. The Elmira Drive Loss**

8. The **subject property for the Elmira Drive Loss is located at 3650 Elmira Drive, in Dayton, Montgomery County, Ohio 45439**, and was owned by the Plaintiff's decedent, Connie J. Payne, Trustee. The Estate of Connie J. Payne is now the real party in interest. The Elmira Drive Loss property was a rental property, owned by the Plaintiff's decedent, Connie J. Payne, Trustee.

9. On or about **August 21, 2022**, a wind/hail storm damaged the roof of the single-family dwelling, located at **3650 Elmira Drive, in Dayton, Montgomery County, Ohio 45439**.

10. Plaintiff's decedent, Connie J. Payne, promptly notified Defendant of the occurrence on or about **August 21, 2022**, and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject Auto-Owners insurance policy, which was, in full force and effect, on the date of the Elmira Drive Loss.

11. Plaintiff's decedent, Connie J. Payne, duly reported the loss and fully cooperated with Defendant following the subject roof damage loss. Defendant failed to conduct a reasonable investigation of the loss.

**12.** As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or contents and/or loss of use and/or additional damages at the Elmira Drive Property.

**13.** Defendant wrongfully denied the claim and/or processed the claim in bad faith, and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff's decedent, Connie J. Payne, for a covered loss.

**14.** Plaintiff's decedent, Connie J. Payne, placed reasonable reliance in the Defendant that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for her property losses, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## B. The Vienna Woods Trail Loss

**15.** The **subject property for the Vienna Woods Trail Loss is located at 6732 Vienna Woods Trail, in Dayton, Montgomery County, Ohio 45459**, and was owned by the Plaintiff's decedent, Connie J. Payne. The Estate of Connie J. Payne is now the real party in interest. The Vienna Woods Trail Property was the primary residence of the Plaintiff's decedent, Connie J. Payne.

**16.** On or about **January 19, 2023,** a wind/hail storm damaged the roof of the single-family dwelling, located at **6732 Vienna Woods Trail, in Dayton, Montgomery County, Ohio 45459**.

**17.** Defendant was promptly notified of the occurrence on or about January 19, 2023, and Plaintiff has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the subject Auto-Owners insurance policy, which was, in full force and effect, on the date of the Vienna Woods Trail Loss.

**18.** The Vienna Woods Trail Loss was duly reported to Defendant and the Plaintiff has fully cooperated with Defendant following the subject roof damage loss. Defendant failed to conduct a reasonable investigation of the loss.

**19.** As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or contents and/or loss of use and/or additional damages at the Vienna Woods Trail Property.

**20.** Defendant wrongfully denied the claim and/or processed the claim in bad faith, and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff for a covered loss.

**21.** Plaintiff placed reasonable reliance in the Defendant that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for the property losses, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

**22.** Plaintiff, The Estate of Connie J. Payne, by and through its Executor, Kimberly R. Potter, by and through counsel, restates and re-alleges each and every allegation contained in Paragraphs One through Twenty-one (1-21), with the same force and effect, as if fully rewritten herein.

**23.** Plaintiff's decedent, Connie J. Payne, prior to her death, placed reasonable and justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the Elmira Drive Loss and to adequately indemnify Plaintiff for said loss. The Estate of Connie J. Payne, by and through its Executor, Kimberly R. Potter, placed reasonable and

justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the Vienna Woods Trail Loss and to adequately indemnify Plaintiff for said loss.

**24.** Defendant owed a duty of good faith and fair dealing to the Plaintiff's decedent, Connie J. Payne, and to The Estate of Connie J. Payne, in carrying out its duties under the subject insurance policies.

**25.** Defendant breached its duty of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions:

    (a) failing to promptly and reasonably adjust and pay the Plaintiff's claims;

    (b) failing to establish a reasonable justification for the denial of the Plaintiff's claims;

    (c) taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claims;

    (d) failing to properly inspect the sites of the losses and to adequately and properly investigate the claims, with the wrongful intent to deny the Plaintiff's claims from their respective inception;

    (e) failing to properly analyze the cause of the losses and/or the applicable coverage;

    (f) failing to properly review the analysis contained in any reports related to the losses in its possession;

    (g) failing to properly review the available evidence related to the losses;

    (h) failing to perform a good faith analysis of the losses;

    (i) failing to prepare a good faith estimate of damages caused by the losses;

    (j) refusing Plaintiff's reasonable requests for information;

    (k) failing to indemnify the Plaintiff for its losses and damages within a reasonable period of time;

(l) failing to properly train, supervise and/or instruct its adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject properties;

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policies of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwellings, as provided for in the subject policies of insurance;

(q) acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

(r) engaging in other wrongful acts or omissions to be shown at trial on the merits.

**26.** As a direct and proximate result of the above-referenced material breach of the insurance contracts by the Defendant, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**27.** To the extent the conduct of the Defendant is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

**28.** Plaintiff, The Estate of Connie J. Payne, by and through its Executor, Kimberly R. Potter, by and through counsel, restates and re-alleges each and every allegation contained in Paragraphs One through Twenty-seven (1-27), with the same force and effect, as if fully rewritten herein.

**29.** As an insurer, Defendant, its management and personnel, have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

**30.** Defendant's wrongful failure to promptly and reasonably adjust the subject loss claims, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured, the Plaintiff.

**31.** As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

**32.** The conduct of the Defendant has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, The Estate of Connie J. Payne, by and through its Executor, Kimberly R. Potter, by and through counsel, demands the following relief:

**A.** Judgment against Defendant, **Auto-Owners Insurance Company**, for the full value of the losses and damages, as alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**B.** Judgment against Defendant, **Auto-Owners Insurance Company**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

**C.** An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

**D.** An award of pre-judgment interest; and

**E.** Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Blake R. Maislin, Esq.*
Blake R. Maislin, Esq. [0068413]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Trial Attorneys for Plaintiff, The Estate of
Connie J. Payne, by and through its Executor,
Kimberly R. Potter
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 101, 121
(513) 721-5557 (FAX)
E-mail: blake@maislinlaw.com
E-mail: mlind@maislinlaw.com

## JURY DEMAND

Plaintiff, The Estate of Connie J. Payne, by and through its Executor, Kimberly R. Potter, by and through counsel, hereby demand a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/ Blake R. Maislin, Esq.*
Blake R. Maislin, Esq. [0068413]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Trial Attorneys for Plaintiff, The Estate of
Connie J. Payne, by and through its Executor,
Kimberly R. Potter
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 101, 121
(513) 721-5557 (FAX)
E-mail: blake@maislinlaw.com
E-mail: mlind@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to the Defendant, via regular U.S. mail service, postage prepaid.

*/s/ Blake R. Maislin, Esq.*
Blake R. Maislin, Esq. [0068413]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Trial Attorneys for Plaintiff, The Estate of
Connie J. Payne, by and through its Executor,
Kimberly R. Potter
Law Offices of Blake R. Maislin, LLC
Maislin Professional Center
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 101, 121
(513) 721-5557 (FAX)
E-mail: blake@maislinlaw.com
E-mail: mlind@maislinlaw.com